IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBYE GAYLE COMBS and ) | |
| FIELD & STREAM INVESTMENTS, INC., ) | |
| *doing business as* WOODEN CRAFTS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-00304-TWP-DKL |
| ) | |
| CRAB ADDISON, INC. ) | |
| *doing business as* JOE'S CRAB SHACK ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION TO REMAND**

This matter is before the Court on Plaintiffs Bobbye Gayle Combs' ("Ms. Combs") and Field & Stream Investments, Inc.'s, doing business as Wooden Crafts, (collectively, "Plaintiffs") Motion to Remand. Plaintiffs sued Crab Addison, Inc., doing business as Joe's Crab Shack ("Crab Addison"), in the Marion Superior Court, alleging that Crab Addison was negligent and negligently hired an employee. Crab Addison removed this action from the state court pursuant to 28 U.S.C. §§ 1332 and 144 and Plaintiffs filed a timely Motion to Remand. For the following reasons, Plaintiffs' Motion to Remand (Dkt. 6) is **GRANTED**.

**I. BACKGROUND**

Ms. Combs is a resident of the Commonwealth of Kentucky who traveled to Indianapolis, Indiana to attend a trade show and operate her business of selling wood craft merchandise. On March 30, 2012, Ms. Combs was a customer and business invitee at a Crab Addison restaurant in Indianapolis. As she was exiting the restaurant, an unknown employee of Crab Addison collided into Ms. Combs, knocking her to the ground and Ms. Combs was injured. Because of her

injuries, Ms. Combs was unable to work at the Indiana Artisan Marketplace trade show the following day, and she was forced to return home. Ms. Combs is the Vice President, Secretary, Treasurer, and primary sales person for Field & Stream Investment Inc., so the company could not sell its items at the trade show and both Ms. Combs and the business lost business income.

On October 23, 2012, Plaintiffs filed a complaint in the Marion Superior Court against Crab Addison. In their Complaint, Plaintiffs listed the following damages:

1. General damages for Plaintiff Bobbye Gayle Combs' injuries and losses;
2. Special damages for Bobbye Gayle Combs' medical and related expenses;
3. For the business losses of Plaintiff Field & Stream Investments, Inc. d/b/a Wooden Crafts;
4. Interest on such damages awarded according to law;
5. For their costs incurred in this action;
6. For a trial by jury; and
7. For such other and further relief and damages as the Court sees just and proper.

Dkt. 1-1 at 5, ¶ 24 (Pltfs' Cmplt). On February 22, 2013, Crab Addison filed a Notice of Removal and on March 1, 2013, Plaintiffs filed a Motion to Remand and Stipulation of Damages (Dkt. 6).

## II.   LEGAL STANDARD

Removal allows a defendant to have an action filed in a state court transferred to the appropriate federal court if the action originally could have been filed there. 28 U.S.C. § 14441(a); *Schimmer v. Jaguar Cars, Inc*., 384 F.3d 402, 404 (7th Cir. 2004). However, "federal courts should interpret the removal statute narrowly and resolve any doubts in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 758 (7th Cir. 2009). A defendant seeking to establish jurisdiction on the basis of diversity must provide competent proof that the amount in controversy exclusive of interests and costs exceeds $75,000.000. If the defendant chooses federal court relying upon diversity jurisdiction, he or she

needs to establish a preponderance of the evidence that the amount in controversy has been satisfied unless the plaintiff can prove with legal certainty that when the case began, the plaintiff was not able to recover over $75,000.00. *Shadday v. Rodriguez Mahuad*, No. 4:06-CV-0088-JDT-WGH, 2006 WL 2228958, *3 (S.D. Ind. Aug. 2, 2006). A "[p]laintiff's post-removal affidavit cannot be considered by the court in determining whether jurisdiction existed at the time of removal." *Hornbuckle v. Allied Prop. & Cas. Ins. Co.*, No. 1:08-CV-1158-RLY-TAB, 2008 WL 4820064, *2 (S.D. Ind. Oct. 30, 2008) (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938)).

### III.  DISCUSSION

Because Crab Addison filed for removal, it has the burden to prove complete diversity of citizenship and an amount in controversy exceeding $75,000.00. It is undisputed that the parties satisfy the requirement of complete diversity. Therefore, the sole issue before the Court is whether this case satisfies the amount in controversy. In conjunction with its Motion to Remand, Plaintiff's filed a stipulation that "the total amount of damages sought in this case by each plaintiff, even if accumulated, would be less than $74,000.99."(Dkt. 10). Crab Addison asserts that Plaintiffs stipulation is untimely. The Court agrees. The stipulation occurred after Crab Addison filed for removal, thus, the Court cannot consider the stipulation in determining whether the amount in controversy is satisfied.

To support its Notice of Removal, Crab Addison cites *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002), for the premise that Crab Addison may ascertain that the case satisfies the amount of controversy with a "reasonable and commonsense reading of the Complaint." In *McCoy*, the plaintiff's vehicle crashed into another vehicle due to failed brakes. *Id.* at 940. The Court found that when "plaintiffs, two of whom [were] minors, alleged severe

3

and permanent injuries, including paralysis, and sought damages for lost income" the amount in controversy was obvious on the face of the complaint. *Id.* at 942.

In this case, Crab Addison asserts that a commonsense reading of the Complaint of Ms. Combs's allegations, including personal injuries, pain and suffering, emotional damages, medical and hospital expenses, physical disability, lost wages, and interest that will be awarded on her damages and for her costs proves that Ms. Combs's demand exceeds $75,000.00. In the Complaint, Ms. Combs stated that she was substantially injured, but she does not describe the injury. She also stated that she lost income due to not being able to attend the Indiana Artisan Marketplace and she was unable to sell her goods at another trade show and was unable to work for a period of time. Plaintiff's argue the Complaint is too vague to determine the extent of the injury, the loss of income, and whether the amount in controversy is met from a "reasonable and commonsense reading," so as to know whether Ms. Combs individually demands more than $75,000.00. In response, Crab Addison asserts that because Ms. Combs is the main salesperson for Field & Stream, and the company claims lost business, a fair interpretation of the Complaint supports its assertion that Ms. Comb's personal injury together with her lost wages and loss of future profits exceed $75,000.00. But these are all general allegations typically relied on. "General allegations in a complaint are insufficient to satisfy the amount in controversy". *King v. Wal-Mart* 940 F. Supp 213 (S.D. Ind. 1996). The Court finds the Complaint alone is too vague to determine the amount in controversy allows removal.

In Indiana, plaintiffs may not "demand a specific dollar amount or figure in a complaint" for personal injury or punitive damages (Ind. Trial R. 8(A)(2), so the court "may look outside the pleadings to other evidence of [the] jurisdictional amount in the record. When the complaint does not establish the amount in controversy, defendants can point to relevant contentions or

4

admissions, settlement demands, and other evidence. *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536 at 541-42. Therefore, besides pointing at the language in the Complaint, Crab Addison had the opportunity to bring in outside evidence to prove federal jurisdiction.

The following cases are examples of how defendants have been able to prove jurisdiction by bringing in outside evidence. In *Shadday*, 2006 WL 2228958, *4, the defendant proved that the amount in controversy exceeded $75,000.00 by looking at *Shadday v. Omni Hotels Mgmt. Corp.*, 477 F.3d 571 (7th Cir. 2007), which "involved the same assault, the same injuries, . . . the same request for damages[,]" and in which the amount in controversy exceeded $75,000.00. In *re Bridgestone/Firestone, Inc.*, Nos. IP 00–9373–C–B/S, MDL 1373, IP 01–5209–C–B/S, 2001 WL 876921, *2 (S.D. Ind. May 11, 2001), the economic losses were approximately $21,000.00, and the plaintiff asked to treble her losses; the plaintiff also claimed medical damages from her car rolling over, so the defendant was able to prove that the trebled losses and the damages would exceed $75,000.00. In *Fetters v. United Parcel Service, Inc.*, No. 1:06-CV-0542-DFH-WTL, 2006 WL 2375493, *1 (S.D. Ind. Aug. 16, 2006), United Parcel Service proved that the amount in controversy would exceed $75,000.00 by calculating two years of back pay with Fetters' pay rate, and Fetters' expected punitive damages, emotional damages, and injunctive relief.

To support its claim, Crab Addison has provided outside evidence that prior to filing suit, Ms. Combs made claims of "functional limitations: limited range of motion, equally a claim for permanent injuries". (Dkt. 10 at 4). Ms. Combs has not disputed this outside information, however the nature of the permanent injury remains undefined. These allegations and the term of art "permanent injuries" without more, lack factual detail which would allow the Court to determine whether the amount of damages exceeds the jurisdictional threshold. Unlike in

*McCoy*, where the details of the severe nature of the permanent injury – paralysis – were provided, the record here remains void of information regarding the nature and extent of the permanent injury. Neither "permanent injury" nor "losses of future earnings" are magical terms of art that automatically demonstrate that the jurisdictional threshold has been met. *Kuhlman v. Walgreen Co.*, 2010 WL 1737849 (N.D. Ind.). The Court finds the claims for lost wages, pain and suffering, emotional damages, medical and hospital expenses, physical disability and permanent injuries due to "functional limitations" insufficient to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

### IV. <u>CONCLUSION</u>

For the reasons stated above, Plaintiffs' Motion to Remand (Dkt. 6) is **GRANTED** and this case is **REMANDED** to the Marion Superior Court for further proceedings.

SO ORDERED.

Date: 06/24/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John Francis Carroll
QUINTAIROS, PRIETO, WOOD &
BOYER, P.A
jcarroll@qpwblaw.com,jburns@qpwblaw.com

Bradley Phillip Clark
BRUCE P. CLARK & ASSOCIATES
bpc2@bpc-law.com,bpclark9@gmail.com

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Court L. Farrell
BRUCE P. CLARK & ASSOCIATES
clf@bpc-law.com